9284.　VAUGHAN *et al. v.* FARMERS AND MERCHANTS BANK *et al.*

LUKE, J. The issues of, fact raised by the defendants' plea, under appropriate instructions from the trial judge, were determined by the jury adversely to the defendants. The evidence authorized the verdict, which has the approval of the trial judge. For none of the reasons assigned did the court err in overruling the motion for a new trial.

　　　　　*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
　　　　　　　DECIDED MAY 17, 1918.

Complaint; from Forsyth superior court—Judge Morris. September 17, 1917.

Usury was included in the note sued on, which contained a waiver of homestead, and this was pleaded, with other defenses, by accommodation indorsers, who alleged that at the time the note was given they were ignorant of the usury, and therefore they were not liable thereon. The note was given to the plaintiff bank on December 12, 1911, for a loan; the sum received by the borrower was $1,750, and the principal sum named in the note was $1,960, and was payable December 12, 1912, with interest from maturity. It was testified that the indorsers were not informed as to the sum received from the bank, or as to the rate of interest charged in this transaction, and did not know that there was usury in the note. There was evidence, however, that it was usual for the bank to charge more than the lawful rate of interest on loans, and that this

26

had been done by it in previous transactions with these indorsers. It appeared also that the loan was obtained to pay money due to one of the indorsers, and that the bank's check for the $1,750 was given to him. The verdict was against the defendants. It was contended in the brief of counsel for the plaintiffs in error that the burden was on the plaintiff to show that the indorsers knew of the usury, and the evidence was not sufficient to show such knowledge; and on this point they cited: *Bank of Omega* v. *Ford,* 20 *Ga. App.* 496; *Prather* v. *Smith,* 101 *Ga.* 283; *Denton* v. *Butler,* 99 *Ga.* 264. On the part of the bank it was contended that, it appearing that the indorsers knew of the custom of the bank to charge usury, they had reasonable ground to suspect usury in this transaction, and therefore the jury were authorized to find that they were not ignorant of it. In support of this contention counsel cited: *Jones* v. *Pope,* 7 *Ga. App.* 539; *Gay* v. *Gay,* 8 *Ga. App.* 804; *Sugart* v. *Mays,* 554 (3). A former decision in this case is reported in 146 *Ga.* 51.

*J. P. Brooke, Howell Brooke, H. L. Patterson,* for plaintiffs in error.

*George F. Gober, C. L. Harris, W. I. Heyward,* contra.